IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION


BRYAN EDMOND HUNT,

      Plaintiff,

v.                                                  CASE NO. 1:02-cv-00164-SPM-AK

MAURICE M. PAUL, et al.,

      Defendants.

_____/

## REPORT AND RECOMMENDATION

This cause was recently reassigned to the undersigned and Honorable Stephan P. Mickle after the senior district judge originally assigned to the case recused himself . *See* Docs. 45 & 46. This case has its genesis in Plaintiff's criminal conviction for perjury in *United States v. Hunt*, Cause Number1:95CR1027-MMP (N.D. Fla.) (*Hunt I* ). This matter is now before the Court on Doc. 42, motion for relief from final judgment, by Bryan Edmond Hunt. In this motion, Plaintiff seeks to vacate the final judgment in this case, which was affirmed on appeal, on the basis of *Gonzalez v. Crosby*, 125 S.Ct. 2641 (2005), in which the Supreme Court considered the applicability of Fed. R. Civ. P. 60(b) in § 2254 proceedings. *Id*. at 2646 n.3. The parties were directed to respond. Doc. 48. With all responses and replies now in hand, Docs. 50, 51 & 53-55, this cause is in a posture for decision. Having carefully considered the matter, the Court recommends that Plaintiff's motion be denied.

## BACKGROUND

On September 15, 1995, Plaintiff  pled guilty before Honorable Maurice M. Paul to a one-count information for testifying falsely to the grand jury.  Plaintiff  was represented by Len Register; the Government, by William Wagner.  The official court reporter was Judy Ellan.

During the course of the criminal proceedings, Wagner placed into the record the facts which the Government was prepared to prove if the case were to proceed to trial:

> Specifically, the government would have proved that on February 14th, 1995, in Tallahassee, Florida....the defendant was under oath and he was testifying in a grand jury proceeding.

> At that time...the grand jury was investigating various violations of or alleged violations of...federal firearm and bombing laws.

> At that time...it was material to the investigation of the grand jury that they ascertain if an individual by the name of Jason Craft and others had possessed pipe bombs, and whether Mr. Craft had used the explosives to destroy property that were used in activities affecting interstate commerce....

> Mr. Hunt appeared as a witness; he was sworn under oath, and he made the following declaration in response to questions that were directed to him in response to the material matter that I've just spoken about.  He was ask[ed]: "Could you tell the grand jurors of some of the times that you have seen him explode pipe bombs?"

> And he indicated a couple of different occasions in the quarries, and...then a couple of occasions back in Prairie View, where they lived, "And those are the only ones I've seen him explode."

> And if you refer to the [information], the underscored words, "And those are the only ones I've seen him explode."

> "Question: And do you recall telling Detective Kettle that Mr. Craft had told you that he had thrown a bomb at a jogger on 34th Street in Gainesville, Florida, and that the bomb had detonated near the jogger?

> "Answer: I don't recall that.  I never made that statement."

> Those answers...were false, and at the time they were made by the defendant he knew they were false, and they were knowingly and willfully given as charged.

> The government would have proved that that was so because...Mr. Hunt had [previously] told an ATF agent...and an Alachua County sheriff, Detective Kettle, about Craft discussing the throwing of a bomb at a jogger on 34th Street in Gainesville as well as the reaction of the victim to the explosion.
>
> The government would have further presented evidence that Mr. Craft was with Mr. Hunt at the time the bomb was thrown at the jogger.  The government would have also proved...at the time of his testimony, Mr. Hunt had personal knowledge of Jason Craft's possession of pipe bombs at numerous other times in addition to the ones that he spoke about.

*Hunt I*, Doc. 18 at 11-13.  According to the transcript, Hunt acknowledged the truthfulness of the Government's statement of facts.  *Id.*, Doc. 18 at 14.  Hunt was subsequently sentenced to twenty-four months imprisonment.  *Id.*, Docs. 11 & 12.  He did not directly appeal.

Hunt then filed a motion to vacate.[1]  *Id.*, Doc. 14.  Between the motion to vacate and his traverse, he alleged numerous claims:

> (1) the PSR incorrectly calculated the base offense level based on improper cross-referencing;
>
> (2) because of the improper cross-referencing, his grant of immunity was violated;
>
> (3) the Government violated the plea agreement because the cross-referencing made him liable for being an accessary after the fact although Hunt had agreed to plead guilty to lying to the grand jury;
>
> (4) counsel was ineffective for failing to object to the cross-referencing in the PSR;
>
> (5) counsel was ineffective for coercing him into believing that he had committed perjury;
>
> (6) counsel was ineffective for advising him that if he did not plead guilty for

---

[1] Shortly before filing the § 2255 motion, Plaintiff filed a § 2241 petition for writ of habeas corpus.  *Hunt v. United States*, Cause No. 1:96CV184-MMP/WCS (N.D. Fla.).  The Court does not have electronic access to the documents in that case, but it does know that the case was dismissed without prejudice and without the filing of any objections.  Docs. 4 & 6.

making false statements to the grand jury, he would be charged with several
additional crimes to which he had no defense;

(7) his plea was involuntary because he believed he would receive only a sentence
of six to twelve months house arrest;

(8) counsel was ineffective for failing to investigate the strength of the
Government's case against him, his alibi defense, and the statements actually
made to the grand jury;

(9) counsel was ineffective for failing to seek a 5K1.1 or 5K2.0 sentence
reduction; and

(10) the Court failed the follow the requirements of Fed. R. Crim. P. 11 when
accepting his guilty plea.

*Id.*, Doc. 37.  The magistrate judge assigned to the § 2255 motion was Honorable William C.

Sherrill, Jr., and by Report and Recommendation dated March 28, 1997, he recommended that

the motion to vacate be denied with prejudice.  *Id.*

Hunt filed objections to the R&R, but Judge Paul adopted the R&R without further

discussion, and judgment was entered accordingly.  *Id.*, Docs. 39 & 40.  Hunt appealed, but he

was denied a certificate of appealability, the appellate court finding that he had failed to make a

substantial showing of the denial of a constitutional right.  *Id.*, Docs. 59 & 70.  On September 30,

1999, after several unsuccessful attempts, Hunt was granted release from further supervision.

*Id.*, Doc. 77.

In 2000, Hunt filed suit in state court against Mr. Register, Judge Paul, Mr. Wagner, and

Ms. Ellan.  *Hunt v. Register*, Cause No. 1:00CV122 (N.D. Fla.) (*Hunt II* ).  As to Mr. Register,

Hunt charged him with "conspiracy to false imprisonment without probable cause...."  *Hunt II*,

Doc. 3.  As to the three federal employees, he charged that they

conspired to falsely imprison [him] and conspired to defraud the United States by

materially falsifying among other official court documents

      a.     the probable cause against [him]
      b.     [his] Information Charge
      c.     [his] arraignment transcript....

*Id.*, Doc. 4.[2]  The federal employees removed the case to this Court.  The Eleventh Circuit appointed Honorable Anthony A. Alaimo, United States District Court for the Southern District of Georgia, to handle the case.  *Id.*, Doc. 10.

Judge Paul, Mr. Wagner, and Ms. Ellan then moved to dismiss on the basis of absolute immunity and *Heck v. Humphrey*.  *Id.*, Doc. 12.  After considering the parties' arguments, the Court granted the federal defendants' motion to dismiss for failure to state a claim.  *Id.*, Doc. 30.  More specifically, the Court found, *inter alia*:

> Plaintiff, in essence, challenges the very lawfulness of his conviction by suing Defendants for false imprisonment and conspiracy to falsely imprison him. Plaintiff states that this civil action turns on the invalidity of the perjury conviction: "If the jury agrees that I am innocent and that the Defendants are corrupt, *then my conviction is invalid and the Defendants are liable*.  Thus, even Plaintiff, himself, realizes this suit challenges the very validity of his prior perjury conviction, which has never been overturned or called into doubt by any court. As a result, Plaintiff's civil action against Defendants fails to state a claim because the <u>Bivens</u> action is not cognizable until the perjury conviction is undermined.

*Id.* (emphasis in original) (citation omitted).

Hunt appealed that ruling, but the appeal was dismissed for lack of jurisdiction, since the order was not a final, appealable order and had not been certified for immediate review.  *Id.*, Doc. 74.

---

[2]Hunt's allegations against Register, Judge Paul, Wagner, and Ellan are more fully explored in the Court's order granting the federal defendants' motion to dismiss and do not bear repetition here.  *Hunt II*, Doc. 30.

The Court then remanded the case to state court, finding that because the only remaining claims were purely state law claims against trial counsel, the Court would exercise its discretion and decline supplemental jurisdiction pursuant to 28 U.S.C. § 1367(c). *Id*., Doc. 77. Register sought reconsideration of the remand on the basis that the Court had original diversity jurisdiction over the claims against him, *id*., Doc. 81, but the Court denied the motion. *Id*., Doc. 82. Mr. Hunt appealed, but the appeal was dismissed for lack of jurisdiction. *Id*., Doc. 109.[3]

On October 15, 2002, Hunt filed a "Petition for Independent Action to Set Aside Judgments Obtained by 'Fraud upon This Court'" in his criminal case. *Hunt I*, Doc. 79. The Court denied the motion, finding:

> The defendant has long been released from custody and his supervised release has expired. Thus, a review of the above documents reveal[s] that he is attempting to pursue civil remedies against those who were involved in his criminal case. Such claims must be brought in a separate civil action, which requires the filing of a complaint, the payment of the initial filing fee, service of process and other procedural requirements.

Doc. 80.

Mr. Hunt then filed the instant action entitled "Complaint to Invoke an Independent Action for 'Fraud upon a Federal Court.'" (*Hunt III* ). In this action, Hunt sought "to set aside three bogus federal judgments that were unlawfully procured and concealed by federal court officers via 'fraud this court' and in violation of [his] federal constitutional rights." *Hunt III*, Doc. 1. More specifically, Hunt sought to set aside his criminal judgment in *Hunt I*, the ruling on the § 2255 motion, and the judgment in *Hunt II*. *Id*. In addition to the defendants named in *Hunt II*, Plaintiff sued Magistrate Judge Sherrill, "the United States Judicial Counsel of

---

[3]After the case was remanded, the state court granted Register's motion for summary judgment, which was affirmed on appeal. *See Hunt III*, Doc. 7 at Ex. A-C.

the Eleventh Circuit," Judge Alaimo, and Mr. Register's former law firm, Davis and Register,

P.A. / R.B. Davis and Associates, P.A.  *Id.*  Hunt invoked jurisdiction pursuant to 28 U.S.C. § §

1331 (federal question) and 1651 (All Writs Act), 42 U.S.C. § 1981 ("Equal rights under the

law"), and "the independent action savings clause of Rule 60(b) of the Federal Rules of Civil

Procedure."  *Id.*  He made seven claims for relief:

> COUNT I.    I am **innocent of the perjury** I was charged with;
>
> COUNT II.   the defendants had **no probable cause** to file my void Information;
>
> COUNT III.  the defendants **coerced my *Alford* plea** via bogus threats and unfulfilled promises;
>
> COUNT IV.   despite the foregoing I can still prove **my sentence was based on materially false facts**;
>
> COUNT V.    my criminal **defense attorney was totally ineffective**;
>
> COUNT VI.   the defendants **defrauded the transcript of my plea hearing** so as to conceal my innocence, create probable cause, conceal my coerced *Alford* plea, and prevent me from obtaining redress;
>
> COUNT VII.  the defendants **denied me full and fair appellate hearings**.

*Id*. (emphasis in original).  More specifically, Plaintiff claimed:

> that he is innocent of the perjury charge to which he pled guilty; that the
> government lacked probable cause to institute the prosecution; that AUSA
> Wagner and Mr. Register coerced him into pleading guilty by falsely promising
> he would be sentenced to house arrest and threatening plaintiff with prosecution
> on other charges for which there was no support; that his actual sentence of 24
> months imprisonment was improperly calculated; that Mr. Register provided him
> ineffective assistance of counsel; that Judge Paul instructed Ms. Ellan not to take
> down statements plaintiff made during his plea hearing in which he claimed that
> he was innocent and that his plea was coerced; that Ms. Ellan subsequently
> produced a transcript that fraudulently omitted his statements at the plea hearing;
> that Magistrate Judge Sherrill erroneously recommended that plaintiff's § 2255
> motion be denied without an evidentiary hearing; that Judge Paul adopted the
> R&R and denied plaintiff's request for a certificate of appealability even though

he knew that plaintiff's conviction had been secured by a fraud on the court; that
the Eleventh Circuit summarily denied his petition for a certificate of
appealability on the grounds that he had failed to make a substantial showing of
the denial of a constitutional right; that the Supreme Court [of the United States]
also summarily denied his petition for a certificate of appealability; that both the
Chief Judge of the Eleventh Circuit and the Eleventh Circuit Judicial Council
erroneously and summarily dismissed his complaints against Judge Paul; that
Judge Alaimo erroneously dismissed his <u>Bivens</u> action against Judge Paul, Mr.
Wagner, and Ms. Ellan, and remanded his claims against Mr. Register to state
court without addressing the merits of his claims; that the Eleventh Circuit
summarily dismissed his initial appeal of Judge Alaimo's dismissal as premature
and his subsequent appeal as untimely; and that the Supreme Court [of the United
States] denied his petition for certiorari.

*Id*., Doc. 28.  Plaintiff's demand for relief was as follows:

> I demand that this court conduct an independent investigation to root out the
> injustices that I have suffered and bring forth all relief for which I am entitled.  To
> wit,
>
> 1.  vacate my void criminal and habeas corpus judgments[4]
>     because they were unlawfully obtained...via "fraud upon
>     this court," which was unconscionably designed and had
>     the malicious effect of concealing...my defenses and
>     oppressively preventing me from obtaining a favorable
>     termination;
>
> 2.  dismiss my void Information because it failed to prove that
>     all of my contradictory declarations were made under oath
>     in a ancillary proceeding equivalent to a deposition and
>     because I omitted exculpatory testimony that prevented me
>     from proving my actual innocence;
>
> 3.  grant a new plea hearing, so that I may withdraw my plea,
>     assert my defenses on the record, and so that history may
>     be written in the way that it actually occurred;
>
> 4.  grant a new sentencing hearing so that I may attack my
>     void sentence because it was unlawfully based on [Jason]

---

[4]Plaintiff refers to the judgment in his "habeas corpus" case, but he is really referring to
the ruling on his motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255.
All § 2255 motions are assigned a civil case number for statistical and tracking purposes only but
are in fact a part of a defendant's criminal proceeding.

*Case No: 1:02-cv-00164-SPM-AK*

Craft's indictment;

5.     turn over all original records in connection with my criminal, habeas corpus, damages, and appellate judgments so that I may destroy them because they contain fabricated lies against be; and

6.     vacate my "so-called" *Bivens* action[ ] judgment so that I may hold all of the defendants liable for their damages to my interests in life, liberty, and the pursuit of justice.

*Id.*, Doc. 1.

The Eleventh Circuit appointed Honorable Marvin H. Shoob, United States District Court for the Northern District of Georgia, to handle the case. *Id.*, Doc. 2.

Defendant Register filed a motion to dismiss or, alternatively, for summary judgment, and the federal defendants filed a motion to dismiss. *See id.*, Docs. 16-18 & 22.[5] After a period of briefing, the Court granted both dispositive motions. As to Register's motion, the Court found that he was "not a proper party to this case and should be dismissed." In reaching that conclusion, the Court reasoned:

The sole relief that plaintiff seeks in this action is the setting aside of (1) his criminal conviction, (2) the denial of his habeas petition, and (3) the dismissal of his <u>Bivens</u> action against defendants Paul, Wagner, and Ellan. Although the complaint contains many allegations that defendant Register acted fraudulently and incompetently, it sets forth no cause of action against Mr. Register and seeks no relief from him.

*Id.*, Doc. 28. For these reasons, the Court also dismissed the law firm. *Id.*

As to the federal defendants' motion to dismiss, the Court found that "this action is the functional equivalent of a second or successive habeas corpus petition, and must therefore be

---

[5]The Court had previously stayed the proceedings as to Register's old law firm because the current owner of the firm had been deployed to the Middle East. *Id.*, Doc. 9. The law firm did, however, join in Register's motion to dismiss. *Id.*, Doc. 25.

dismissed...." *Id.*  Citing *Mobley v. Head*, 306 F.3d 1096 (11th Cir. 2002), which held that the

statutory restrictions on second or successive petitions apply to all Rule 60(b) motions, the Court

stated:

> [I]it is undisputed that plaintiff filed a previous application for habeas corpus
> relief under 28 U.S.C. § 2255 asserting many of the same claims he raises in this
> action.  Under...Eleventh Circuit precedent, this action for relief under Fed. R.
> Civ. P. 60(b) must be deemed the functional equivalent of a second or successive
> habeas corpus petition.

*Hunt III*, Doc. 28.  Thus, Plaintiff would be required to obtain certification from the Eleventh

Circuit before he could proceed.  *Id.*  Without the certification that the second or successive

motion contained newly discovered evidence or a new rule of retroactively applicable

constitutional law, dismissal was appropriate.  *Id.*

Mr. Hunt appealed that ruling.  On January 4, 2005, the court of appeals affirmed:

> The record is not clear whether Hunt was still in custody when he filed this suit,
> but that fact does not undermine our conclusion that the district court did not err.
> If Hunt was in custody, this action is barred as a successive habeas petition.  Hunt
> repeats arguments that he made in his earlier federal habeas petition, but a
> complaint under Rule 60(b) "cannot be used to circumvent restraints on
> successive habeas petitions."  If Hunt was not in custody, his complaint fails,
> because a petitioner who is not in custody cannot seek habeas relief under section
> 2255.

> If we construe Hunt's pro se complaint as a petition for a writ of error coram
> nobis, which is a "remedy available to vacate a conviction when the petitioner...is
> no longer in custody," his complaint still fails.  Coram nobis relief should be
> granted rarely:

>> Routine grant of coram nobis relief...would undermine the finality
>> of criminal convictions....Due regard for the finality of criminal
>> convictions counsels special restraint in the review of collateral
>> attacks on convictions entered pursuant to guilty pleas.  Failure to
>> appeal such convictions waives challenges based on many types of
>> error in the proceedings which culminated in entry of the plea.

> <u>Coram</u> <u>nobis</u> relief is available only for errors "of the most fundamental character," such as lack of jurisdiction.  Hunt did not pursue a direct appeal of his conviction, and therefore, waived all challenges to his conviction except for those of a fundamental character.  None of Hunt's assertions of error is fundamental. Hunt has made the same arguments several times, and they have been rejected by each court that has addressed them.

*Id.*, Doc. 41 (citations omitted).

## *GONZALEZ* and FED. R. CIV. P. 60(B)

Four days before the filing of the opinion in *Hunt III*, the Eleventh Circuit issued an *en banc* decision in *Gonzalez v. Secretary for Department of Correction*, 366 F.3d 1253 (11th Cir. 2004).  *Mobley* was one of the three cases considered by the *en banc Gonzalez* court.  *Gonzalez*, 366 F.3d at 1259.  The pertinent issue with regard to petitioner Mobley was "What standards govern Rule 60(b) motions aimed at judgments in habeas proceedings, that is, when should those motions be granted?"  *Id*. at 1269.[6]

The court began with the premise that the central purpose of the AEDPA, which was to "ensure greater finality of state and federal court judgments in criminal cases," *id*., and "its provisions specifically restricting the filing of second or successive petitions severely limit the application of Rule 60(b) to habeas cases."  *Id*.  According to the court, "Most of the provisions of Rule 60(b), which vest courts with broad discretion to reopen judgments on a wide variety of grounds, are inconsistent and irreconcilable with the AEDPA's purpose...."  *Id*. at 1271.  "That means Rule 60(b) cannot and does not apply in habeas cases the way it does in ordinary civil cases, but it does not necessarily mean that no aspect of the rule has any relevance to habeas

---

[6]*Gonzalez* made it clear that whatever the court said about "Rule 60(b) motions as they relate to § 2254 proceedings applies equally to § 2255 proceedings, and vice versa."  *Gonzalez*, 366 F.3d at 1262.

cases." *Id*. at 1272.  After analyzing analogous Supreme Court precedent, the court concluded:

> [I]n a § 2254 case a petitioner's Rule 60(b) motion to reopen the judgment "can
> be regarded as a second or successive application for purposes of § 2244(b)," and
> should be so regarded because "[o]therwise, petitioners could evade the bar
> against relitigation of claims presented in a prior application, or the bar against
> litigation of claims not presented in a prior application."  Because a petitioner's
> attempt to reopen a final habeas judgment pursuant to Rule 60(b) is to be treated
> as an application to file a second or successive petition, it ordinarily should be
> dismissed by the district court pursuant to § 2244(b)(4).

*Id*. at 1277.   The "point of [this] rule...is that the petitioner may not get around the statutory

restrictions on second or successive petitions by filing a Rule 60(b) motion, unless the grounds

of the motion fit within one of...two exceptions...."  *Id*.   "One circumstance is where the final

judgment is recalled or reopened to correct clerical errors in the judgment itself."  *Id*. at 1278.

> The other circumstance in which a petitioner will be able to file a Rule 60 motion
> and have it treated by the district court as a motion under that rule instead of as a
> non-authorized second or successive petition is where there was fraud upon the
> federal court which led to the denial of the habeas petition.

*Id*.  After noting that the "exact parameters of the fraud exception may have to be worked out on

a case-by-case basis," *id*., the court looked to the Supreme Court's opinion in *Hazel-Atlas Glass*

*Co. v. Hartford-Empire Co*., 322 U.S. 238 (1944), for instruction and concluded that the fraud

exception "applies where the fraud was perpetrated on the federal court and resulted in the denial

of federal habeas relief, not where the fraud was perpetrated on a state court."  *Id*. at 1284.   As

to Mobley, the court found:

> To the extent Mobley's claim is that [the former prosecutor's] testimony at the
> sentence stage about the family's support [for the death penalty] defrauded the
> jury into returning a death sentence, the claim is not about fraud on the federal
> courts.  As [the dissenting judge] explained when the case was before the panel,
> the fraud Mobley alleges was not committed when the case was before the federal
> habeas court but earlier when it was before the state courts....To the extent
> Mobley is asserting that the alleged fraud on the state court violated some federal

> constitutional right of his, he is simply putting forward a new federal
> constitutional claim that was not presented in his earlier habeas petition.  It is a
> classic successive petition claim subject to the § 2244(b)(2) restrictions, which
> this claim does not meet.

*Id*. at 1284-85.  The court concluded:

> Mobley's case does not come within shouting distance of the fraud exception
> outlined in the *Hazel-Atlas* decision, where there was "a deliberately planned and
> carefully executed scheme" participated in by attorneys in a federal proceeding to
> defraud a federal court...with carefully constructed bogus evidence which not
> only was presented to that federal court but which also affected the federal court's
> decision.  Mobley is not entitled to have the judgment denying him federal habeas
> relief reopened on this or any other basis.

*Id*. at 1285 (citations omitted).  In short,

> a Rule 60(b) motion seeking to reopen the judgment in a § 2254 or § 2255 case
> should be denied by the district court, unless it is filed to correct a clerical
> mistake (meaning it is really a Rule 60(a) motion) or is filed pursuant to Rule
> 60(b)(3) to remedy a fraud agents of the government perpetrated on the federal
> court.

*Id*. at 1285-86.

The United States Supreme Court denied certiorari in *Mobley*, *see Mobley v. Schofield*,

543 U.S. 1091 (2005), but granted certiorari in part in *Gonzalez*.  *See Gonzalez v. Crosby*, 543

U.S. 1086 (2005).  The issue before the *Gonzalez* Court was "whether, in a habeas case, [Rule

60(b)] motions are subject to the additional restrictions that apply to 'second or successive'

habeas corpus petitions under the provisions of the [AEDPA]...."  *Gonzalez v. Crosby*, 125 S.Ct.

2641 (2005).  In addressing this issue, the Court specifically limited its consideration to § 2254

cases:

> In this case we consider only the extent to which Rule 60(b) applies to habeas
> proceedings under 28 U.S.C. § 2254....Federal prisoners generally seek
> postconviction relief under § 2255, which contains its own provision governing
> second or successive applications.  Although that portion of § 2255 is similar to,

and refers to, the statutory subsection applicable to second or successive § 2254 petitions, it is not identical.  Accordingly, we limit our consideration to § 2254 cases.

*Gonzalez*, 125 S. Ct. at 2646 n.3.

The Court began its analysis with a consideration of § 2244(b), since that statute and its restrictions on filing second or successive habeas petitions are critical in determining whether a Rule 60(b) motion is a "'habeas corpus application' as the statute uses that term."  *Id*. at 2646-47.  The "first step of analysis" is to determine whether the claim presented in the second or successive application for habeas relief was also presented in a prior application.  *Id*. at 2647.  "[F]or purposes of § 2244(b) an 'application' for habeas relief is a filing that contains one or more 'claims.'"  *Id*.  In turn, a "claim" for purposes of § 2244(b) "is an asserted federal basis for relief from a state court's judgment of conviction."  *Id*.  "In most cases, determining whether a Rule 60(b) motion advances one or more 'claims' will be relatively simple."  *Id*. at 2648.  "A motion that seeks to add a new ground for relief...will of course qualify."  *Id*.  In the Court's view,

> Using Rule 60(b) to present new claims for relief from a state court's judgment of conviction–even claims couched in the language of a true Rule 60(b) motion–circumvents AEDPA's requirement that a new claim be dismissed unless it relies on either a new rule of constitutional law or newly discovered facts.

*Id*. at 2647.  Furthermore, a Rule 60(b) motion

> can also be said to bring a "claim" if it attacks the federal court's previous resolution of a claim *on the merits*, since alleging that the court erred in denying habeas relief on the merits is effectively indistinguishable from alleging that the movant  is, under the substantive provisions of the statutes, entitled to habeas relief.

*Id*. at 2648 (emphasis in original).  The term "on the merits" refers

to a determination that there exist or do not exist grounds entitling a petitioner to
habeas corpus relief under 28 U.S.C. § § 2254(a) and (d).  When a movant asserts
one of those grounds (or asserts that a previous ruling regarding one of those
grounds was in error) he is making a habeas corpus claim.  He is not doing so
when he merely asserts that a previous ruling which precluded a merits
determination was in error–for example, a denial for such reasons as failure to
exhaust, procedural default, or statute-of-limitations bar.

*Id*. at 2648 n.4.

A Rule 60(b) motion does not, however, bring a "claim" when it "attacks, not the

substance of the federal court's resolution of a claim on the merits, but some defect in the

integrity of the federal habeas proceedings." *Id*. at 2648.  "Fraud on the federal habeas court is

one example of such a defect." *Id*. at 2648 n.5.  An "attack based on the movant's own conduct

or his habeas counsel's omissions ordinarily does not go to the integrity of the proceedings, but

in effect asks for a second chance to have the merits determined favorably." *Id*.

"When no 'claim' is presented, there is no basis for contending that the Rule 60(b)

motion should be treated like a habeas corpus application." *Id*. at 2648.  Thus, a Rule 60(b)

motion alleging a misapplication of a federal statute of limitations may "proceed as

denominated" since it "does not present a revisitation *of the merits*." *Id*. at 2648-49 (emphasis in

original).  Consequently, "it is not the equivalent of a successive habeas petition." *Id*. at 2650.

Moreover, the Court recognized other occasions when a Rule 60(b) motion is fully

appropriate, such as relief from a default judgment and vacatur of a judgment void for lack of

subject matter jurisdiction. *Id*. at 2649.

Nevertheless, the Court found that Gonzalez was not entitled to Rule 60(b)(6) relief

because the change in the interpretation of the AEDPA statute of limitations was not an

extraordinary circumstance as required under the rule. *Id*. at 2650-51.  In short, the Court held:

> [A] Rule 60(b)(6) motion in a §2254 case is not to be treated as a successive habeas petition if it does not assert, or reassert, claims of error in the movant's state conviction.  A motion that...challenges only the District Court's failure to reach the merits does not warrant such treatment, and can therefore be ruled upon by the District Court without precertification by the Court of Appeals....

*Id.* at 2651.

Although the Supreme Court specifically excluded § 2255 motions from consideration in its *Gonzalez* opinion, the Eleventh Circuit has held that the holding and rationale of *Gonzalez* nevertheless "apply equally to § 2255...."  *United States v. Terrell*, 141 Fed. Appx. 849, 851 (11th Cir. 2005).  Subsequently, the court, citing the *Mobley* section of its *Gonzalez* opinion, found the district court was without authority to consider the defendant's Rule 60(b)(3) motion, holding that where a defendant argues that "the district court, in denying his § 2255motion, covered up the original criminal conspiracy between the court, prosecution, and defense," he is "reasserting a claim he, in essence, raised in his first § 2255 motion, and which relates to alleged fraud in the trial proceedings, not in the § 2255 proceedings," and thus, "he was subject to the restrictions for second or successive § 2255 motions."  *El-Amin v. United States*, 2006 WL 771182 (11th Cir. Mar. 28, 2006).

## **DISCUSSION**

On this occasion, Defendant seeks relief from the final judgment in *Hunt III*.  Towards that end, he makes five arguments.  The first four center on his interpretation of *Gonzalez* and its applicability to this case; the last, on why the Court's remand of the case as to Defendant Register was in error.

As noted *supra*, the Eleventh Circuit has determined that *Gonzalez* applies equally to § 2255 cases.  Therefore, any argument that *Gonzalez* does not apply in the context of § 2255

proceedings is without merit, and thus, any "new 'grounds'" for relief would be foreclosed by *Gonzalez* unless they rely "on either a new and retroactive rule of constitutional law or new facts showing a high probability of actual innocence" or they attack "some defect in the integrity of the federal habeas proceedings," including the perpetration of a fraud on the federal court. *Gonzalez*, 125 S.Ct. at 2646, 2648, 2648 n.5.  The *Gonzalez* Court did not, however, anticipate an attack on the integrity of the underlying trial proceedings, the assertion of claims not previously made which could have and should have been raised in a prior proceeding, or the renewal of claims adversely decided without evidence of fraud.  Furthermore, while it is undisputed that the *Gonzalez* Court recognized the "unquestionably valid role" that Rule 60(b) plays in "habeas cases," including preservation of the "parties' opportunity to obtain vacatur of a judgment that is void for lack of subject-matter jurisdiction," *id*. at 2649, the Court did not recognize the validity of a Rule 60(b) jurisdictional attack on the criminal judgment itself. Finally, while it is true that the Court can consider true Rule 60(b) motions without permission from the court of appeals, a matter of terminology bears correction.  When the *Gonzalez* Court stated that a movant challenging the failure of the district court to reach the merits of a habeas petition does not need "precertification by the Court of Appeals," it was not discussing a "COA," which is the acronym for a "certificate of appealability."  Rather, the Court was explaining the procedure for obtaining permission from the court of appeals to file a second or successive habeas petition, i.e., "precertification by the Court of Appeals" that the claims rely "on either a new and retroactive rule of constitutional law or new facts showing a high probability of actual innocence."  *Gonzalez*, 125 S.Ct. at 2646.  A "COA" is a certification by the district court that an *in forma pauperis* appeal is taken in good faith.  28 U.S.C. § 1915(a)(3).  Thus, Plaintiff's use of

the acronym "COA" in his arguments (and the federal defendants' subsequent echoing of that

terminology) is a misnomer.

In order to fit this motion within the perimeters of *Gonzalez*, Plaintiff attacks "four

major defects in the integrity of [his] habeas proceedings"--(1) "'Defrauded Plea Transcript'

attack," (2) "'Denied Habeas Discovery' attack," (3) "'Denied Evidentiary Hearing' attack," and

(4) "'Void Information' attack"– and then attacks the "criminal judgment on three major

'grounds' that make it void for lack of subject-matter jurisdiction"--(1) "'Double Jeopardy'

attack," (2) "'Perverse Bias of the Criminal Court' attack," and (3) "'Void Information' attack."

Doc. 42 at 4-5.  Plaintiff candidly acknowledges that three of these claims--"'Defrauded Plea

Transcript' attack," "'Double Jeopardy' attack," and "'Perverse Bias of the Criminal Court'

attack"–were not raised during the 2255 proceedings and "hence the merits were **NEVER**

adjudicated."  Doc. 42 at 5-6 (emphasis in original).  .

In the "Relief Sought" section of his motion, Plaintiff then makes the following

impassioned argument:

> Our founding fathers gave me the right and duty to throw off oppressors, like the
> defendants, who are unfit to hold a public office and have no clue what
> inalienable rights are.  As such, I hereby declare myself dead to this world.  From
> this day forward I will only seek one desire: a total[ ] victory in this action against
> all of my oppressors.  Your ignorant and oppressive procedural dismissals of my
> actions have not deterred me and will not deter me in the future.  Give me justice
> or give me death!  I am willing to die in order to expose Judge Paul's corruption.
> I am also willing to take down the entire judicial system....At what point do you
> realize that you have to stop oppressing me or inevitably you will lose this war?
>
> WHEREFORE...I move...this court to overturn the April 30, 2004 dismissal
> order...and the May 28, 2004, amended final judgment...and reopen this case so
> that I may proceed[ ] with my independent action for 'Fraud Upon a Court,'
> expose and correct that fraud, hold the guilty parties liable, and obtain the long
> overdue relief that I have been entitled to for the past ten years.

Doc. 42 at 14-15.

The Court has meticulously laid out the course of proceedings in all of Mr. Hunt's cases and has carefully analyzed the *Gonzalez* opinion upon which he seeks relief.  While Plaintiff's arguments may be facially appealing, they cannot withstand intense scrutiny.  Although Plaintiff has cleverly phrased his arguments in an attempt to fit them within the perimeters of *Gonzalez*, in the end, he merely raises matters which were decided adversely to him in prior proceedings or which could have and should have been raised on direct appeal or in his original § 2255 motion or which should have been brought to the appellate court in a motion for order authorizing district court to consider second or successive application.  *See* 28 U.S.C. § § 2255 & 2244(b)(3)(B).  While it is true that not all Rule 60(b) motions amount to second or successive motions to vacate, it is equally true that merely denominating a motion as one arising under Rule 60(b) does not prevent it from being a second or successive motion.  In other words, the moniker attached to the motion is not dispositive.

Plaintiff's "'Defrauded Plea Transcript' attack" is really an argument that his guilty plea to the Information [7] was not knowing and voluntary and is inextricably tied to an appellate argument that he was improperly denied an evidentiary hearing on that claim.  A claim that a plea is involuntary is precisely the type of claim which must be raised in a § 2255 motion to vacate.  *See* 28 U.S.C. § 2255.  If it is not raised in the initial § 2255 motion, then it is second or

---

[7]Plaintiff suggests that the filing of the Information meant that the grand jury refused to indict him for making false statements.  That is not necessarily so.  Rule 7 of the Federal Rules of Criminal Procedure "authorizes the prosecution of a felony by information if the defendant waives indictment."  *Ornelas v. United States*, 840 F.2d 890, 892 (11th Cir. 1988).  The process of filing an information is merely a less formal–and oftentimes, less public--means of charging a defendant with a crime than is the process of formal indictment by a grand jury, but it is no less valid.  Mr. Hunt waived indictment in *Hunt I.  See Hunt I*, Doc. 2.

successive and cannot be considered by the district court without precertification from the court of appeals.

Plaintiff's "'Double Jeopardy' attack" and "'Perverse Bias of the Criminal Court' attack" meet a similar fate.  The double jeopardy claim not only is a claim which should have been raised before the entry of the plea (or at the very latest, on appeal or in the initial § 2255 motion), but also is one which is without merit.  *See Brown v. Ohio*, 432 U.S. 161, 165 (1977) ( Double Jeopardy Clause protects against second prosecution for same offense after acquittal, second prosecution for same offense after conviction, and multiple punishments for same offense).  The "Perverse Bias" claim is yet another attack on the knowing and voluntary nature of the guilty plea.  While it certainly also attacks the integrity of the judicial process itself, the claim that the Court perverted the judicial process by its actions is one that absolutely should have been lodged on direct appeal or in the original § 2255 motion.

As to Plaintiff's "'Denied Habeas Discovery' attack," he claims that Magistrate Judge Sherrill improperly denied him discovery during the course of the § 2255 proceeding.  That is plainly a matter which should have been raised via a Rule 72 objection to the district judge and cannot now form any basis for relief.  *See* Fed. R. Civ. P. 72(a) (objection to magistrate judge's non-dispositive order must be made within 10 days or is waived); *see also* Rule 6, Rules Governing § 2255 Proceedings (court may order discovery for good cause).  This is equally true for Mr. Hunt's "'Denied Evidentiary Hearing' attack."  Whether to allow an evidentiary hearing is a matter of discretion with the Court and does not generally form a basis for relief without a showing of abuse of that discretion.  At the very latest, this should have been raised on direct appeal of the denial of § 2255 relief.

Plaintiff's "'Void Information' attack" is also not properly before the Court for consideration.  Nothing in *Gonzalez* alters the fact that this kind of claim could have and should have been raised early on in Mr. Hunt's multiple attacks on his prosecution and conviction, either before he pled guilty, on direct appeal, or in the initial § 2255 motion.  Although *Gonzalez* certainly recognizes the continued validity of jurisdictional challenges, it does not anticipate the assertion of such a challenge ten years after the fact, when there is nothing new in Plaintiff's arguments that could not have been raised previously and his allegations directly implicate again the voluntary and knowing nature of his change of plea.  Because this is a matter which should have been raised at the very latest in the § 2255 proceeding, it is plainly second or successive, as Judge Shoob found and the Eleventh Circuit affirmed.

Finally, Plaintiff's attempts to resurrect his arguments regarding the remand of *Hunt II* to state court are misplaced.  Although it does appear that the Court had original diversity jurisdiction over Defendant Register, by the time that was brought to the Court's attention, the matter had already been remanded, and there was little to be done.  Plaintiff could certainly have filed a petition for writ of mandamus with the Eleventh Circuit requesting that the Court recall the remand, but he did not take that step, and *Gonzalez* does not contemplate the use of Rule 60(b) to correct that type of error.

<u>CONCLUSION</u>

For all of these reasons, it is respectfully  **RECOMMENDED** that Plaintiff's Doc. 42,

motion for relief from final judgment, Doc. 42, be **DENIED WITH PREJUDICE**.

**IN CHAMBERS** at Gainesville, Florida, this ***26<u>th</u>*** day of May, 2006.




<u>*s/ A. KORNBLUM*</u>
**ALLAN KORNBLUM**
**UNITED STATES MAGISTRATE JUDGE**




<u>**NOTICE TO THE PARTIES**</u>

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**